**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ZOLA DUDZIC**                                  Case No.
                                                  HON:

Plaintiff,

vs.

**CITY OF WOODHAVEN; ANTONIETTE HAWKINS;
KEVIN GRISWOLD; JAKE GONZALEZ,
in their individual and official capacity,**

Defendants.

_____ /

  DANIEL G. ROMANO (P49117)
  ROMANO LAW, PLLC
  Attorneys for Plaintiff
  30300 Telegraph Rd., Ste. 125
  Bingham Farms, MI 48025
  (248) 750-0270 / FAX (248) 936-2105
  dromano@romanolawpllc.com
  kjijika@romanolawpllc.com – Asst.

_____ /

*There were civil actions arising out of the transaction or occurrence alleged in this Complaint. The first civil action was assigned to the Honorable Linda V. Parker of the USDC Eastern District of MI Southern Division under Case Number 24-cv-11986 and is closed.*

**COMPLAINT AND JURY DEMAND**

1

NOW COMES Plaintiff, ZOLA DUDZIC, (hereinafter referred to as "DUDZIC" by and through her attorneys, ROMANO LAW PLLC, and for her complaint against the above-named Defendants, state as follows:

1. Plaintiff is a resident of the City of Taylor County of Wayne, State of Michigan.

2. Defendant City of Woodhaven is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. Defendant ANTONIETTE HAWKINS, (hereinafter referred to as "HAWKINS") is and/or was a EMT and or a Paramedic employed by the City of Woodhaven and/or its fire department and was acting under color of law, in her individual and official capacities, and within the course and scope of her employment at all times mentioned herein.

4. Defendant KEVIN GRISWOLD (hereinafter referred to as "GRISWOLD") is and/or was a EMT and or an Paramedic employed by the City of Woodhaven and/or its fire department and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

2

LAW OFFICES
ROMANO LAW, PLLC

LAW OFFICES
ROMANO LAW, PLLC

5. Defendant JAKE GONZALES (hereinafter referred to as "GONZALES") is and/or was a EMT and or a Paramedic employed by the City of Woodhaven and/or its fire department and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

6. All relevant events giving rise to this lawsuit occurred in the City of Woodhaven, County of Wayne, State of Michigan.

7. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment of the United States Constitution and the Fourteenth Amendment Due Process Clause, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. Sections 1981, 1983 and 1985. Plaintiff also has viable state law claims.

8. Jurisdiction is vested in this Court pursuant to 28 U.S.C. Section 1331 [federal question], 28 U.S.C. Section 1343 [civil rights].

9. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

3

**FACTS:**

10. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

11. That on or about January 09, 2024, at approximately 10:08 a.m., Plaintiff DUDZIC was driving in the City of Woodhaven when she was involved in a minor car accident due to a medical emergency she was experiencing.

12. When police arrived on scene, OFFICER PROKES placed Plaintiff under arrest and taken for booking, for suspicion of driving under the influence, despite her husband telling PROKES that she had a stroke in 2020 and was experiencing a medical emergency.

13. BAKER assisted PROKES with the booking process, ignoring the very clear sign that Plaintiff was having a medical emergency. Instead of addressing the medical emergency, Plaintiff was asked multiple times what drugs she was on.

14. Woodhaven Fire Department was called to the police station to check on Zola, but rather than offering her care, they, too, accused her of taking drugs. It wasn't until Plaintiff had a seizure that she was given medical treatment for

4

her very serious medical emergency that Defendants HAWKINS, GONZALES and GRISWOLD ignored.   Defendants all ignored.

15. The video evidence showed the DEFENDANTS deliberately with reckless disregard, ignored the obvious signs exhibited by Plaintiff.   Defendants rendered no aid until Plaintiff is in full seizure.

16. Defendants finally placed her unconscious body on a gurney taken to Beaumont Hospital where she was admitted for two (2) days.

17. Plaintiff has been examined by Dr. Singer with Michigan Institute of Neurological Disorders following the incident and concluded that Plaintiff was suffering from poststroke epilepsy. He also opined that the patient suffered a seizure that caused the accident and then her abnormal behavior was directly related to that medical situation. Had she been brought to the hospital directly from the scene of the accident, the need for intubation with ICU stay would most likely have been avoided and because of that, her previous psychological dysfunction has been exacerbated.

18. That on the date of the incident instead of attempting to get Plaintiff the medical care she very clearly needed, Defendants violated policies and

5

procedures by conducting themselves in an abusive, unprofessional, and unconstitutional manner by ignoring Plaintiff's past medical history and very clear medical emergency, and by doing so the Defendants exacerbated and caused more harm to the Plaintiff.

19. That as a direct result of Defendants violation of Plaintiff's civil rights and of state law, including unreasonable search and seizure, and intentional infliction of emotional distress, Plaintiff suffered physical and emotional injuries and damages, including, but not limited to physical injuries, scarring, emotional injuries, fright, humiliation, embarrassment, shock, humiliation, embarrassment, and pain and suffering, which continue today.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor against Defendants, for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

### COUNT I: VIOLATION OF THE FOURTH AMENDMENT 42 US.C. SECTION 1983 UNREASONABLE SEARCH AND SEIZURE AGAINST DEFENDANT S

6

20. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

21. That the Civil Rights Act, 42 USC 1983 provides for civil liability of the deprivation of any right, privilege, or immunity secured by the Constitution and laws of the United States, while committed under color of law.

22. That Defendants, by virtue of their purported authority as EMT and or Paramedics, unlawfully prolonged Plaintiffs confinement and right to get care for her serious condition an unreasonable search and seizure in violation of the United States Constitution and state laws.

23. That Defendants above-described actions were deliberately indifferently intentional, malicious, and punitive.

24. Defendants actions were objectively unreasonable and in violation of clearly established law and as such he is not entitled to qualified immunity.

25. As the direct and proximate result of Defendants subjecting Plaintiff to deprivation of her constitutional rights to be free from unreasonable seizures, Plaintiff has suffered and will continue to suffer mental and emotional anguish, physical and emotional pain and suffering, including but not limited

7

to cognitive decline, loss of enjoyment of life, humiliation, degradation, fright, shock, economic and consequential damages, financial damages, and physical injuries and other damages that may be discovered throughout the course of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against the Defendants in their individual and official capacities, for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

## COUNT II: VIOLATION OF THE FOURTH AMENDMENT 42 US.C. SECTION 1983 UNREASONABLE SEARCH AND SEIZURE AGAINST DEFENDANTS

26. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

27. That the Civil Rights Act, 42 USC 1983 provides for civil liability of the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States, while committed under color of law.

8

LAW OFFICES

ROMANO LAW. PLLC

28. That Defendants, by virtue of his purported authority as a Police Officer, unlawfully performed an unreasonable search and seizure on Plaintiff in violation of the United States Constitution and state laws.

29. That Defendants above-described actions were intentional, malicious, and punitive.

30. Defendants actions were objectively unreasonable and in violation of clearly established law and as such he is not entitled to qualified immunity.

31. As the direct and proximate result of Defendants subjecting Plaintiff to deprivation of her constitutional rights to be free from unreasonable seizures, Plaintiff has suffered and will continue to suffer mental and emotional anguish, physical and emotional pain and suffering, including but not limited to cognitive decline, loss of enjoyment of life, humiliation, degradation, fright, shock, economic and consequential damages, financial damages, and physical injuries and other damages that may be discovered throughout the course of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against the Defendants in his individual and official

capacities, for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

## COUNT III: VIOLATION OF 42 U.S.C. § 1983 – DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION IN VIOLATION OF THE FOURTEENTH AMENDMENT

32. Plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein.

33. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for. . .

34. Plaintiff in this action is a citizen of the United States and the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

35. The Defendant to this claim at all times relevant hereto was acting under the color of state law.

10

36. As a detainee, Plaintiff had the following clearly established rights at the time of the complained of conduct:

   A. the right to adequate medical care under the Fourteenth Amendment's Due Process Clause.

37. In committing or permitting the acts complained of herein, all Defendants acted under color of law to deprive Plaintiff of her constitutionally protected rights under the Fourteenth Amendment of the U.S. Constitution, including but not limited to the following, respectively:

   A. Ignoring Plaintiff's medical history and failing to take caution to get Plaintiff immediate medical treatment, causing further injury.

   B. Knowing of, and yet exhibiting a deliberate indifference to Plaintiff's serious medical needs.

38. That Defendant's actions above imposed the injuries and losses as alleged herein, thereby depriving Plaintiff of her rights, privileges, and immunities as secured by the United States Constitution and specifically its Fourteenth Amendment.

### COUNT IV: DEFENDANT CITY OF WOODHAVEN'S CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S RIGHTS

39. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

40. The Fourth Amendment and Fourteenth Amendment prohibition against unreasonable seizures against citizens.

41. Defendant City of Woodhaven has permitted customs, practices, and/or policies which resulted in the violations of Plaintiffs' constitutional rights complained of herein.

42. Defendant City of Woodhaven, upon information and belief, had knowledge that there was a persistent pattern of its officers, including one or more of its officers, repeatedly violating citizens' constitutional rights in the manner alleged supra.

43. Defendant City of Woodhaven's customs, practices and/or policies included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent such violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise deputies regarding

12

c. the arrests of individuals;

d. Failing to adequately train and/or supervise deputies regarding providing medical treatment to arrestees having a medical emergency;

e. Failing to adequately train and/or supervise deputies regarding proper basis for arrests and pursuing charges;

f. Failing to adequately train and/or supervise its deputies in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest and providing medical treatment;

g. Failing to hold its officers accountable for violating citizens' civil rights in the same or similar manner as done here.

h. Failing to adequately supervise, review, and/or discipline police officers whom Defendant City of Woodhaven knew, or should have known, were violating, or were prone to violate, citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct and not to tell the truth in reports and/or to supervisors.

13

42. Defendant City of Woodhaven's lack of training, investigation, supervision, monitoring, and disciplining of its officers was the motivating factor driving the violation of Plaintiff's civil rights.

43. As a direct and proximate result of the deliberate indifference of Defendant City of Woodhaven to the rights of citizens, Plaintiff suffered a deprivation of her constitutional rights resulting in injury as more fully described above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against the Defendant City of Woodhaven for injuries and damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against the Defendant Kropik in his individual and official capacities for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

.

14

### COUNT VII: VIOLATION OF 42 U.S.C. § 1983 – DELIBERATELY INDIFFERENT FAILURE  VIOLATIVE OF THE FOURTEENTH AMENDMENT TO PROVIDE TIMELY MEDICAL CARE BY DEFENDANTS

44. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

45. That each of the above-named Defendants acted with reckless disregard, and deliberate indifference to plaintiff's obvious serious medical condition and caused imminent, avoidable and actual harm to Plaintiff, as described in the paragraphs above.

46. That each of the above-named Defendants intentionally did not provide appropriate medical care to Plaintiff who was in dire need of medical attention, and her medical history of stroke being presented to them, which was ignorantly ignored.

47. That Under the 14th Amendment of the United States Constitution legal innocent individuals have a fundamental right under the due prostate process clause to be free from punishment prior to formal adjudication of guilt.

48. In *Westmoreland v. Butler County,* 35 F.4th 1051 (6th Cir. 2022) the United States Court of Appeals for the Sixth Circuit broadly interpreted the scope of

15

LAW OFFICES
ROMANO LAW. PLLC

the "objectively unreasonable" standard in *Kingsley v Hendrickson,* 576 US 389 (2015) to apply beyond excessive force claims.

49. That this action is being brought pursuant to 42 U.S. Code § 1983 - Civil action for deprivation of rights. Defendants purposefully ignored Plaintiff's need for medical attention, instead made asinine accusations regarding drugs, again, despite being told by her husband of her medical condition.

50. That pursuant to Defendant's inactions, Plaintiff's doctors have made the below observations and conclusions:

It is my opinion that the patient suffered a seizure that caused the accident and then her abnormal behavior was directly related to the acute medical situation. Had she been brought to the hospital directly from the scene of the accident the need for intubation with ICU stay would most likely have been avoided. Since the above incident, unfortunately, her previous psychological dysfunction has exacerbated.

Her overall prognosis is good but will likely require lifelong antiepileptic medications and ongoing psychological care.

Sincerely,

Daniel P. Singer, D.O., F.A.C.N.

51. That Plaintiff will provide video of her at the jail/holding showing her very obvious medical emergency unfolding.

16

LAW OFFICES
ROMANO LAW, PLLC

LAW OFFICES
ROMANO LAW, PLLC

52. That each and every one of the above- named Defendants are not entitled to governmental immunity as their actions were not in good faith, were done with a substantial lack of concern, deliberate indifference and reckless disregard as to whether an injury and/or further injury resulted, and the injuries were the direct and proximate result of each and every one of the Defendants' actions.

53. That as the direct and proximate result Plaintiff has suffered and will continue to suffer mental and emotional anguish, pain and suffering, cognitive decline, loss of enjoyment of life, humiliation, degradation, fright, shock, economic and consequential damages, loss of school privileges, and physical injuries and other damages that may be discovered throughout the course of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor against each and every one of the above-named Defendant Deputies, in their individual and official capacities for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

17

Respectfully submitted,

BY:/s/ *Daniel G. Romano*
 ROMANO LAW, PLLC
 DANIEL G. ROMANO (P49117)
 Attorneys for Plaintiff
 30300 Telegraph Rd., Ste. 125
 Bingham Farms, MI 48025
 (248) 750-0270

Dated: March 20, 2026

LAW OFFICES
ROMANO LAW, PLLC

18